UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MEDINA,<br><br>        Appellant,<br><br>    v.<br><br>WILLIAM P. VANDER POEL,<br><br>        Appellee. | 1:14-cv-01302 LJO<br><br>MEMORANDUM DECISION AND ORDER RE:APPELLEE'S MOTION TO DISMISS APPEAL (Doc. 6) |

## I. INTRODUCTION

This case is on appeal from an Order of the Bankruptcy Court granting Appellee William P. Vander Poel's motion for summary judgment, which held that Appellant Luis Medina's claims against Appellee were discharged under 11 U.S.C. § 727. Appellant's Brief, Doc. 11 at 1. Currently before the Court is Appellee's motion to dismiss the appeal pursuant to Rule 8002. Appellee's Mot. To Dismiss, Doc. 6-1, at 6.

## II. BACKGROUND OF THE CASE

According to the Complaint filed in the underlying adversary proceeding, Appellant filed a lawsuit in federal court against Appellee and the company of which Appellee was a principal (Tule River Ranch) in January of 2008. Excerpts of Record ("ER"), v. I, tab 1, ("Complaint"), ¶ 6. The lawsuit asserted that Appellee and his company were liable under various laws pertaining to wage and hour matters. *Id.* The federal case was dismissed and Appellant filed a similar case in state court in November of 2010. *Id.* at ¶¶ 7-8. This case also asserted claims under California's "Private Attorney General Act" ("PAGA"), which authorizes the collection of civil penalties. *Id.* at ¶ 10.

Appellee filed for bankruptcy protection on August 8, 2012. *Id.* at ¶ 5. Seeking resolution as to

the PAGA suit, Appellee filed at least two adversary proceedings against Appellant in bankruptcy court. First, Appellee filed the complaint at issue here, seeking a determination of dischargeability under Section 523(a)(7) of any fines that might be levied in the PAGA case. Complaint at ¶¶ 3-4. The other proceeding, initially filed March 10, 2014, seeks sanctions against Appellant for prosecuting the state law case in violation of the bankruptcy court's automatic stay order. *In re* Vander Poel, No. 14-01033, Docs. 1 & 89 (Bankr. E.D. Cal. Sep. 12, 2014).[1]

Appellee disputes having "any liability whatsoever" to Appellant and asserts that any debts he might be liable for under the PAGA case have been discharged. *Id.* at ¶ 19. Appellee moved for summary judgment on the basis that a) Appellant failed to properly file an adversary proceeding in Appellee's bankruptcy case, b) all claims against Appellee had been discharged, and c) that Appellant's claims could not be considered "nondischargeable" under 11 U.S.C. § 523(a)(7). ER, v. II, tab 20 ("Poel MSJ"), at ¶¶ 16, 27-30, 34. The Bankruptcy Court granted the motion "in its entirety," holding that all claims asserted by Appellant were discharged pursuant to 11 U.S.C. § 727 on July 8, 2013. ER, v. IV, tab 57 ("1007 Order"). The 1007 Order did not elaborate on the Bankruptcy Court's reasoning, but its analysis can be found in the hearing transcript. *See* ER, v. IV, tabs 58 & 59.

### III. LEGAL BACKGROUND

Federal Rule of Bankruptcy Procedure 8002 requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed. Rule 8001 provides that a notice of appeal from a bankruptcy order or judgment "shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8001(a). However, "[a]n appellant's failure to take any step other than timely filing a notice of appeal *does not affect the validity of the appeal*, but is ground only for such action as the district court or bankruptcy appellate panel deems

---

[1] This court may properly take judicial notice over all records in the underlying bankruptcy case. *In re E.R. Fegert, Inc.*, 887 F.2d 955, 958 (9th Cir. 1989).

appropriate, which may include dismissal of the appeal." *Id.* (emphasis added).

Bankruptcy Rule 8001 endows the Court with discretion to dismiss an appeal without reaching the merits when the appellant fails to perform a necessary step in completing the record. *See In re Hawkins,* 295 Fed. Appx. 452, 453 (2d Cir.2008). However, a procedural violation of a bankruptcy rule alone is generally an insufficient basis for granting a motion to dismiss an appeal. *Fitzsimmons v. Nolden*, 920 F.2d 1468, 1472 (9th Cir. 1990). Courts have resolved appeals when the record, although incomplete, is sufficient to enable an informed review of the parties' arguments. *See, e.g., In re Kyle*, 317 B.R. 390, 393–94 (9th Cir. BAP 2004), aff'd, 170 F. App'x 457 (9th Cir. 2006) (distinguishing between records that are "impossibly incomplete" or "merely incomplete," "the merely incomplete record leaves the appellate court with the possibility that enough of the record might nevertheless be present so as to enable review." "However, in "egregious circumstances, a court may dismiss an appeal for noncompliance with procedural rules without explicit consideration of alternative sanctions." *Fitzsimmons,* 920 F.2d at 1473 (citing *In re Donovan*, 871 F.2d 807, 808–09 (9th Cir.1989).

### IV. ANALYSIS

**A.      Whether the Appeal Must Be Dismissed Under Rule 8002**

Appellee claims that Appellant did not timely file his appeal. Doc. 6-1 at 7. According to documents provided by the Bankruptcy Court, its order in this case was filed August 9, 2014. Doc 1 at 1. Thus, under Rule 8002, the deadline for appeal was August 25, 2014. Appellee filed his appeal on August 18, 2014. *Id.* at 10. This appeal was timely and the Court DENIES Appellee's Motion to Dismiss on this basis.

**B.      Whether the Appeal Must Be Dismissed Under Rule 8001**

Defendant also claims that this Court must dismiss the appeal because the Notice of Appeal is improper. Doc. 6-1 at 6. Appellant's "Notice of Appeal" identifies the appellant as "Luis Medina (for the State)." Doc. 1 at 10. This document also identifies "Luis Medina on behalf of Real Party in Interest, State of California" as a party to the judgment appealed from. *Id.* Defendant claims that the Court must interpret this document as asserting that the State, and not Medina, is the actual appellant. Doc. 6-1 at 6.

3

Plaintiff claims that he is the actual appellant in this action and that he identified the State of California as a party in interest because he believes that California has a substantial interest in this case. Appellant's Opposition, Doc. 14 at 2-3.

The Court agrees that the Notice of Appeal filed in this case does not strictly conform with Rule 8001's requirement to provide "names of all parties to the judgment, order, or decree appealed from . . ." Fed. R. Bankr. P. 8001(a). However, this Court has previously held that Rule 8001 does not require "strict and literal compliance ... in the sense that a failure to comply, however innocuous, spells doom for the appeal." *Eickerman v. La Jolla Grp., II*, No. CV-F-12-618 LJO, 2012 WL 4747236, at *8 (E.D. Cal. Oct. 4, 2012) (quoting *Fadayiro v. Ameriquest Mortgage Co.*, 371 F.3d 920, 923 (7th Cir. 2004)). In *Eickerman*, this Court held that where the appellant provided the information required by 8001 "in his pleadings and elsewhere, if not on the official form," then he "substantially complied with Rule 8001." *Id.*

The reasoning employed in *Eickerman* applies here. To the extent that the information required by Rule 8001 is not clear in Medina's Notice of Appeal, this information is clearly presented in Medina's Opening Brief, which explains that the Appellant is "Luis Medina." Doc 11. The record is sufficient to enable an informed review of the parties' arguments. Moreover, Appellee does not argue that any egregious circumstances apply. The Court DENIES Appellee's Motion to Dismiss on this basis.

**C.      Whether Dismissal is Warranted Because of Alleged Noncompliance with State Law**

Appellee also urges this Court to dismiss the appeal because Appellant allegedly failed to comply with the administrative requirements of PAGA. Def.'s Mem. at 10-16. Appellee, however, provides *no authority whatsoever* for the idea that any alleged procedural deficiencies in Appellant's state court case constitute a valid reason to involuntarily *dismiss* an appeal under the Federal Rules of Bankruptcy Procedure. Moreover, because this issue does not appear to have been raised in the underlying bankruptcy court case, the Court is uncertain as to whether the factual record is sufficiently developed to support a ruling. *In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) ("A district court, reviewing a bankruptcy appeal, can decide an issue that is not raised on appeal, if that

issue is purely legal and is fully supported by the record."). Finally, the Court notes that interests of justice, and comity and respect for California law may warrant abstention on this issue- even if it were properly raised. 28 U.S.C.A. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11"); *see also Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166–67 (9th Cir.1990) (laying out factors courts should consider in deciding whether to abstain under Section 1334(c)(1)). Thus, the Court DENIES Appellee's Motion to Dismiss on this basis.

## V. **CONCLUSION AND ORDER**

For the reasons discussed above, the Court DENIES Appellee's Motion to Dismiss. Doc. 6.

IT IS SO ORDERED.

Dated: **December 18, 2014**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE